Filed: 2/10/2017 9:30:08 AM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-17-001357
Jessica Serrano

CAUSE NO. C-1-CV-17-001357

| | | |
|---|---|---|
| ROBERT & GERRI CROWLEY | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | AT LAW ____1____ |
| VS. | § | |
| | § | |
| GEICO INDEMNITY COMPANY | § | |
| (GEICO) | § | WILLIAMSON COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ROBERT and GERRI CROWLEY**, hereinafter referred to as Plaintiffs,

and file this Petition, complaining of GEICO INDEMNITY COMPANY (hereinafter referred to

as "GEICO") and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiffs request that this lawsuit be governed by Discovery Plan Level 2 pursuant to Rule

190.3 of the Texas Rules of Civil Procedure.

### I.   PARTIES

Plaintiff is a resident of Williamson County, Texas.

Defendant, **GEICO INDEMNITY COMPANY** (hereinafter "Defendant Geico"), is a foreign

insurance company licensed to do business in Texas. Defendant Geico maintains its principal

place of business at One Geico Plaza, Washington DC 20076-0001. Defendant Geico may be

EXHIBIT

A

served with citation through its registered agent for service of process, Mr. Gregory S. Jacobi, 4201 Spring Valley Rd., Dallas, Texas 75244.

## II.    VENUE

Venue of this lawsuit is proper in Williamson County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE, in that the incident giving rise to this cause of action occurred in Williamson County, Texas.

## III.    FACTS

On or about April 6, 2014, in Williamson County, Texas, Plaintiffs were travelling in a motor vehicle in the City of Georgetown, Williamson County, Texas.   The vehicle they were occupying was suddenly and without warning struck from the rear by an uninsured vehicle being driven by **TRACY KAWELL.   KAWELL** was negligent by failing to keep an assured clear distance from the Plaintiff's vehicle, failing to timely apply her brakes and failing to keep a proper lookout. **KAWELL'S** negligence was the proximate cause of Plaintiff's damages, which are in excess of the minimum jurisdiction of this Court.

Plaintiffs provided **DEFENDANT GEICO** with medical evidence of Plaintiffs' claim.  On September 23, 2015, **DEFENDANT NATIONAL GENERAL** notified Plaintiff they would not provide any benefits for Plaintiff under the policy for insurance based upon the evidence provided. On November 12, 2015 Plaintiffs presented **GEICO** with additional documentation to no avail.

## NEGLIGENCE OF KAWELL, UNDERINSURED DRIVER

On the occasion in question, **KAWELL** operated an automobile in a negligent manner and violated the duty which she owed Plaintiff to exercise ordinary care in the operation of the motor vehicle in at least the following ways:

1.  In not maintaining an assured clear distance from the Plaintiff's vehicle in violation of Texas Transportation Code Ann. Sec.545.062.

2.  In operating her vehicle at a speed greater than is reasonable and prudent under the circumstances then existing in violation of the Texas Transportation Code Ann. Sec.545.351 sections (a), (b)(1)and (2) and (c)(3) and (5)and 545.352;

3.  In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401(Reckless Driving);

4.  In changing lanes when unsafe in violation of the Texas Transportation Code Ann. Sec. 545.060 sections (a)(1) and (2), (c), and (d);

5.  In turning her vehicle when and in a manner that was unsafe in violation of Texas Transportation Code. Sec. 545.103.

6.  In failing to turn her vehicle in another direction to avoid an impending collision, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

7.  In failing to keep the vehicle she was driving under proper control, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

8.    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

9.    In failing to timely and properly apply her brakes, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances; and

10.   In demonstrating driver inattention.

Furthermore, Plaintiffs assert that the acts and/or omission of the named **DEFENDANT GEICO** alleged herein constitutes gross negligence and that same was done or failed to be done, in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of the Plaintiffs and others similar situated. Therefore, Plaintiff pleads for exemplary damages in an amount in excess of the minimal jurisdictional limits of the Court which is sufficient to punish the **DEFENDANT GEICO** and deter others from engaging in similar conduct.

These allegations against **DEFENDANT GEICO** are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding additional parties to the case. The right to do so, under Texas law, is expressly reserved.

## IV.   DAMAGES

Plaintiffs, Robert and Gerri Crowley, allege that as a direct and proximate result of the conduct and/or omission on the part of the **DEFENDANT GEICO**, Plaintiffs are entitled to recover at least the following legal damages:

1. Past necessary and reasonable medical, hospital, and pharmaceutical expenses;

2. Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which in all probability will be incurred;

3. Physical pain and suffering and mental anguish in the past;

4. Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5. Physical impairment in the past;

6. Physical impairment which, in all reasonable probability, will be suffered in the future;

7. Lost wages in the past;

8. Loss of earning capacity in the future;

9. Disfigurement in the past; and,

10. Disfigurement in the future.

11. Property damages, including diminution of value

Based upon the foregoing, the Plaintiffs have incurred damages in an amount in excess of minimum jurisdictional limits of this Court.

## V.   ENFORCEMENT AND/OR BREACH OF UNDERINSURED MOTORIST COVERAGE

Having determined that **DEFENDANT GEICO**, was at the time of the occurrence described above, operating an underinsured motor vehicle, as the term is defined in the policy of

insurance. Plaintiff timely and properly notified **DEFENDANT GEICO** of the accident made the basis of this suit, and the adverse driver's failure to maintain insurance. Plaintiffs have fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, **DEFENDANT GEICO** has failed and refused, and still fails and refuses, to pay Plaintiffs the uninsured motorists benefits under the applicable policy, as it is contractually required to do so.

## VI.   PETITION FOR DECLARATORY RELIEF

Based on the foregoing facts and pursuant to the policy of insurance in force and effect between Plaintiffs and **DEFENDANT GEICO** at the time of the collision, Plaintiffs seek a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37. Plaintiffs seek a declaration construing the contract of insurance and declaring Plaintiff's rights to underinsured motorists' coverage.

Specifically, Plaintiffs seek a declaration that the driver who caused the wreck was an uninsured motorist, that Plaintiffs are entitled to recover from Defendant GEICO Plaintiffs' damages resulting from the motor vehicle collision, that Plaintiffs' damages fall within the coverage afforded Plaintiffs under the policy with **DEFENDANT GEICO** that **DEFENDANT GEICO** is contractually obligated to pay the full underinsured motorist coverage policy benefit limits, and specifying the amount of damages, attorneys' fees, interest and court costs that **DEFENDANT GEICO** is obligated to pay.

## VII.   INSURANCE CODE CHAPTER 542 VIOLATIONS

By refusing to promptly pay this claim once presented, **DEFENDANT GEICO** has violated the following sections of the Texas Insurance Code:  542.005, 542.056, 542.057 and 542.058.

Pursuant to Texas Insurance Code Section 542.060, Plaintiffs are entitled to the amount of the claim, interest on the amount of the claim at the rate of 18 percent per year as damages, together with reasonable and necessary attorney's fees.

## VIII.   ATTORNEYS FEES

As a result of **DEFENDANT GEICO's** actions complained of in this Petition, Plaintiffs was required to engage the services of the **LAW OFFICE OF SCOTT OGLE**.  Plaintiffs, therefore, seek reimbursement of reasonable attorney's fees, inasmuch as Plaintiffs have been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to the Texas Civil Practice and Remedies Code Section 37, Plaintiffs hereby makes this written presentment of their claim for attorney fees for Mr. Ogle's tireless efforts.

## IX.   REQUEST FOR DISCLOSURE

Plaintiffs request disclosure from **DEFENDANT NATIONAL GENERAL**, pursuant to the Texas Rules of Civil Procedure Rule 194.2, within fifty days of the service of this request.

## X.   PREEXISTING CONDITION

Pleading further, if it be shown that if Plaintiffs suffered some preexisting injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

### XI.   SUBSEQUENT CONDITION

Pleading further, if it be shown that if Plaintiffs suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

### XII.   AUTHENTICATION OF PRODUCTION

Pursuant to Texas Rules of Civil Procedure, Plaintiffs hereby give written notice that documents produced in response to a Request for Production or produced informally will be used in all pretrial proceedings and at the trial of this case.

### XIII.   INTEREST

Plaintiffs also specifically plead for pre-judgment interest and post-judgment interest, as prescribed by law on damages that have been accrued by the time of the judgment.

### XIV.   PRAYER

1.      Plaintiffs have been damaged and will be damaged in a sum equal to an amount within the jurisdictional limits of this Court, for which Plaintiffs now bring suit.  Additionally, Plaintiffs request exemplary damages in an amount not to exceed those contemplated and/or allowed under Chapter 41 of the Texas Civil Practice and Remedies Code.

2.      Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000,000.00.

3.      Plaintiffs reserve the right to amend the above monetary amounts after the full nature and extent of **DEFENDANT GEICO's** negligence and Plaintiffs' injuries and damages have been determined.

4.      Plaintiffs also reserves the right to amend the above amount after the verdict is returned in this case.

5.      WHEREFORE, Plaintiffs pray:

a.  that **DEFENDANT GEICO** be cited to appear and answer herein;

b.  that upon final trial Plaintiffs recover actual damages specified above, plus costs of Court and prejudgment and post-judgment interest at the legal rate; and

c.  that Plaintiffs have all other relief, legal and equitable, to which Plaintiffs are entitled.

Respectfully submitted

LAW OFFICE OF SCOTT OGLE

By: _____

SCOTT OGLE

State Bar No.00797170
2028 W. Ben White Blvd.
Austin, Texas 78704
Telephone: (512) 442-8833
Facsimile:  (512) 442-3256
Email: soglelaw@peoplepc.com

ATTORNEY FOR PLAINTIFF